**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**CONSTANTINE VARAZO,**

              **Plaintiff,**

    **v.**                                        **1:16-cv-4228-WSD**

**KEISER CORPORATION,**

              **Defendant.**

## OPINION AND ORDER

On May 20, 2015, Plaintiff Constantine Varazo ("Plaintiff") filed his Complaint [1], asserting claims of negligence against Defendant Keiser Corporation ("Defendant").

Plaintiff asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  (Compl. ¶ 3).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Univ. of

S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this case, Plaintiff's Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff."  King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).  A corporation is a citizen of the state where the company was formed and has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

The Complaint fails to properly allege Defendant's citizenship.  The Complaint states that Defendant is "a California corporation authorized to conduct business . . . in the state of Georgia."  (Compl. ¶ 2).  This allegation is insufficient

to allege Defendant's citizenship, because it fails to allege where Defendant

maintains its principal office.  See Rolling Greens, 374 F.3d at 1022.

To determine whether the Court has jurisdiction over this action, the

Complaint must allege more specific information regarding the citizenship of the

parties.  Accordingly, Plaintiff is required to file an amended complaint properly

alleging the citizenship of each party.  The Court notes it is required to dismiss this

action unless Plaintiff provides the required supplement alleging sufficient facts to

show the Court's jurisdiction.  See Travaglio v. Am. Express Co., 735 F.3d 1266,

1268-69 (11th Cir. 2013) (district court must dismiss an action for lack of subject

matter jurisdiction unless the pleadings or record evidence establish jurisdiction).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall file, on or before

December 12, 2016, an amended complaint that adequately alleges the citizenship

of the parties.


**SO ORDERED** this 28th day of November, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE


3